UNION COMMERCIAL CORPORATION, Plaintiff and Appellant, *v.* ARTURO ORTIZ-TORO and ELEUTERIO SANTIAGO, Defendants and Appellees.

No. 3340. Argued December 9, 1924.—Decided April 29, 1925.

1. DEBT—ADMISSIONS—EVIDENCE—NONSUIT.—When the admissions and the evidence sufficiently prove prima facie the allegations of the complaint the court errs in dismissing the complaint on the merits of the plaintiff's evidence, although it may be secondary evidence of the contents of a record admitted and proved to have been lost.

District Court of Ponce, R. Díaz Cintrón, J.   Judgment sustaining a motion for a nonsuit in an action of debt. *Reversed and remanded.*

Angel Fiol Negrón, Heriberto Torres Solá and Rodolfo Ramírez Pabón for the appellant.   Martínez Nadal, Tormes & Colón for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Union Commercial Corporation alleges in its complaint in this action that it brought another action of debt in the Municipal Court of Ponce against Frank O'Sheaf and attached an automobile belonging to him; that in order to dissolve that attachment these defendants signed a bond in favor of the plaintiff for the sum of $600 to answer for the outcome of that action; that defendant O'Sheaf was adjudged to pay to the plaintiff the sum of $309.97, from which judgment an appeal was taken and later aban-

doned; that thereafter a memorandum of costs for $111.40 was approved; that the record of that case has been lost in the municipal court, together with the original bond signed by these defendants; that the said judgment could not be satisfied because no property belonging to defendant O'Sheaf was found, and that the amount of the judgment and the costs have not been paid by the original debtor or by the sureties, defendants herein, for all of which it prayed the court for judgment against them for the sum of $421.37, the sum of the two items.

The defendants denied in their verified answer all of these allegations, but at the trial *de novo* on appeal in the District Court of Ponce they admitted that The Union Commercial Corporation had brought the action against Frank O'Sheaf; that an automobile belonging to him had been attached; that judgment was rendered against him for $309.97, from which an appeal was taken and abandoned, and that the record of that case, together with the original bond signed by the defendants herein, had been lost.

When the plaintiff rested the defendants moved for a nonsuit on the ground that the evidence was not sufficient to support a judgment for the plaintiff and the district court sustained the motion and dismissed the complaint, whereupon the plaintiff took the present appeal and prays for the reversal of that judgment.

After the admissions made by the defendants the adverse party had little to prove. Let us examine the plaintiff's evidence.

Notwithstanding the fact that the defendants had admitted that the record of the case against O'Sheaf had been lost, together with the original bond given by the defendants herein, that fact was testified to by Rafael Pérez Mercado, attorney for the plaintiff in the first suit, by Juan García Léctora, Clerk of the Municipal Court of Ponce,

and by Pablo Torres, marshal of the said court. Torres and Pérez Mercado testified that the defendants signed the bond and that it was attached to the record which was afterwards lost. The latter testified also that the defendants signed the bond for $600 in favor of the plaintiff to answer jointly for the amount of the judgment in order to dissolve the attachment on the automobile. The marshal testified that he was given a writ for the execution of the judgment for $309.97 plus $111.40 for costs, a copy of which writ was admitted without objection, and also that he was unable to execute that writ because he found no property belonging to O'Sheaf, who had left Porto Rico. Pérez Mercado also testified that the judgment against O'Sheaf had not been satisfied by him, by his sureties or by any other person, in whole or in part.

There is a rare coincidence in this case that the record of this second action also has been lost in the Municipal Court of Ponce.

[1] The admissions of the defendants and the evidence introduced by the plaintiff sufficiently establish prima facie all of the allegations of the complaint; therefore, the court below erred in dismissing the complaint on the merits of the plaintiff's evidence; and it is no obstacle to this conclusion that secondary evidence of the action against O'Sheaf and of the bond given by the defendants was examined at the trial, inasmuch as the defendants admitted, and it was also proved, that the record of that case was lost.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.